UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| EDGAR GOODWIN, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:23-cv-1 |
| v. | ) | |
| | ) | Judge Atchley |
| JIM HAMMOND, *et al.*, | ) | Magistrate Judge Lee |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a pretrial detainee[1] housed in the Hamilton County Sheriff's Silverdale Detention Center ("Silverdale"), has filed a pro se civil rights action against Defendants under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons articulated below, the Court will grant Plaintiff's motion, dismiss certain Defendants, and allow Plaintiff's claim for the denial of constitutionally adequate medical care to proceed against Defendants Jim Hammond, Nurse Watkins, Nurse Rowe, Nurse Linda, Director Shian, and as yet unknown members of the Hamilton County Medical Staff.

**I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 2] that he lacks the financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue,

---

[1] Plaintiff does not disclose his custodial status in his complaint, but he is not listed as an active inmate in the publicly available database of the Tennessee Department of Correction. Tenn. Dep't of Corr., "Felony Offender Information," https://foil.app.tn.gov/foil/search.jsp (last visited Jan. 3, 2023). Accordingly, the Court assumes for present purposes that he was a pretrial detainee at the time of the incidents alleged in his complaint.

Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

On or about July 26, 2022, Plaintiff filed a grievance against Hamilton County Sheriff Jim Hammond and Nurse Director Shian about his 100 to 300 "medical request[s] for stomach pain, joint body pain, TB, cancer, anemi[a], low red and blood white blood cell count[s], extreme weight loss, skin irritation[]s, groin pain, pain in private part, and all day and night cold chill[]s and sweat. Also dry cough [] and running eye[]s." [Doc. 1 p. 3-4].

In December 2022, Plaintiff filed a grievance to Nurse Director Shian about his medical prescriptions and requests to begin pain medication, but Plaintiff alleges that he still has "not been treated medically for any of [his] medical condition[]s in any capacity at any time." [*Id*. at 4].

Plaintiff contends he made medical requests on twenty-one separate dates between April 8, 2022 and December 1, 2022, without any results [*Id*.]. He contends he also made requests to —

3

among others currently unknown — Nurse Watkins, Nurse Rowe, and Nurse Linda [*Id*.]. Plaintiff filed grievances on at least nine occasions between August 2022 and December 2022. [*Id*.].

On or about October 2, 2021, Plaintiff made a request to Nurse Linda "about [his] stomach pain[] and possible cancer pending observation by [a] specialist. And Nurse Linda and also two MRI[]s released pertaining specifically to [his] stomach pain and possible cancer approximately 2-3 release[]s of [his] signature of MRI for possible cancer pending specialist diagnosis from Erlanger, and stomach pain MRI from 'Packridge Memorial.'" [*Id*. at 5]. Plaintiff maintains that he was never treated for his pain or any of his conditions. [*Id*.]. The same request was made to Nurse Watkins, and it was likewise an ineffective request. [*Id*.].

Plaintiff made requests to Sheriff Hammond regarding his medical conditions, but he never responded to Plaintiff's requests nor addressed Plaintiff's requests to his staff or administration. [*Id*.].

Plaintiff alleges that Correctional Officer ("CO") Bell and CO Cox have harassed Plaintiff due to the grievances Plaintiff has filed against Bell and Silverdale staff. [*Id*.].

Aggrieved by these incidents and circumstances, Plaintiff seeks $1,000,000,000.00 in damages. [*Id*. at 6].

  **C.**  **Analysis**

    **1.**  **Grievances**

Plaintiff seeks to impose constitutional liability on Sheriff Jim Hammond, the "Grievance Staff," and Director Shian for failing to respond to his grievances concerning the alleged lack of medical treatment. However, inmates have no constitutional right to a grievance procedure, and thus, they have no interest in having their grievances answered or satisfactorily resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Further, neither Sheriff Hammond nor Director

4

Shian may be held liable for failing to provide Plaintiff with a remedy through the grievance procedure based on their respective positions of authority, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, Plaintiff's claim that his grievances went unanswered fails to state a § 1983 claim, and this claim will be dismissed. Inasmuch as this is the only claim attributable to Defendant "Grievance Staff," this Defendant will likewise be dismissed.

### 2. Harassment

Plaintiff seeks to impose liability on Defendants CO Bell and CO Cox due to their harassment of Plaintiff for filing grievances. [Doc. 1 p. 5]. However, threatening or abusive speech does not constitute "punishment" in the constitutional sense. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Accordingly, this allegation fails to state a claim upon which § 1983 relief may be granted, and this claim, along with Defendants CO Bell and CO Cox, will be dismissed.

### 3. Medical Care

Plaintiff complains that he has requested and been denied adequate medical treatment and care for a variety of medical complaints. [Doc. 1 p. 3-5]. The named Defendants remaining in this action are Nurse Rowe, Nurse Linda, Director Shian, the Hamilton County Medical Staff, Nurse Watkins, and Sheriff Hammond. [Doc. 1 p. 1, 3]. Out of an abundance of caution, the Court will assume that Plaintiff intends to pursue his medical care claims against the remaining Defendants in both their official and individual capacities.

#### a. Official Capacity Claims

By suing Defendants in their official capacities, Plaintiff is essentially suing Hamilton County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Pusey v. City of*

5

*Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) (holding that in action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent"); *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

To maintain a claim against Hamilton County, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional policy or custom. *See id. at* 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs").

Plaintiff has not alleged that he is being denied medical treatment because of some policy or custom of Hamilton County. Accordingly, all claims against Defendants in their official capacities will be dismissed.

### b. Individual Capacity Claims

To state a claim against the named Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates

under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

As to the other Defendants, the Court notes that prison officials have a duty to "ensure that inmates receive adequate food, clothing shelter, and medical care" and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Deliberate indifference to those needs violates an inmate's constitutional rights, and a showing of deliberate indifference is made up of both subjective and objective components. *Richmond v. Huq*, 885 F.3d 928, 937-38 (6th Cir. 2018).

As noted earlier, the Court assumes that Plaintiff is a pretrial detainee, and as such, his claims that Defendants disregarded a risk to his safety and denied him adequate medical care are analyzed under the Fourteenth, rather than the Eighth Amendment. *Brawner v. Scott Cnty., Tn.*, 14 F.4th 585, 596 (6th Cir. 2021). This distinction is relevant because the Fourteenth Amendment requires that pretrial detainees not be subjected to punishment prior to a determination of guilt. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'") (citation omitted). Therefore, to state a claim that Defendants exposed him to punishment by failing to obtain timely and adequate medical care for him, Plaintiff must show that Defendants were deliberately indifferent to an excessive risk to Plaintiff by acting with "'more than negligence but less than subjective intent — something akin to reckless disregard.'" *Brawner*, 14 F.4th at 596-97 (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

The Sixth Circuit has explained:

> [A] plaintiff must satisfy three elements for an inadequate-medical-care claim under the Fourteenth Amendment: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison

7

> official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745, 757 (6th Cir. 2022).

Plaintiff's complaint is not factually robust, to be certain. Plaintiff does not identify whether he has diagnosed medical conditions and active prescriptions, and the Court finds his allegations regarding specialist consults and MRIs exceedingly unclear. [*See* Doc. 1 p. 4-5]. For example, the Court is uncertain as to whether Plaintiff has received specialist consults and MRIs while at Silverdale (or as a civilian), whether he is subject to any sort of medical monitoring at Silverdale, or whether he was ever treated by a physician at "Erlanger."[2] [*See id*. at 5]. Nevertheless, at this stage of the litigation, the Court finds that Plaintiff has alleged sufficient facts to allow a plausible inference that Defendants Jim Hammond, Nurse Watkins, Nurse Rowe, Nurse Linda[3], other unknown Hamilton County Medical Staff, and Nurse Director Shian have denied Plaintiff constitutionally adequate medical care. Therefore, the Court will allow this discrete claim to proceed as to these Defendants.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

---

[2] The Court assumes that this is a reference to the Erlanger Health System, a public health care system in Chattanooga, Tennessee. *See* Erlanger Health System, https://www.erlanger.org (last accessed Jan. 3, 2023).

[3] Although Plaintiff did not specifically identify Nurse Linda as a Defendant, he has alleged facts identifying Nurse Linda as an allegedly responsible party [*See id*. at 4-5]. Therefore, the Clerk will be directed to add Nurse Linda as a Defendant.

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to add Nurse Linda to the docket as a Defendant;

6. Plaintiff has set forth a plausible claim of inadequate medical care against Defendants Hammond, Watkins, Rowe, Linda, Shian, and unknown Hamilton County Medical Staff;

7. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Hammond, Watkins, Rowe, Linda, and Shian[4];

8. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

9. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

11. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

12. All other claims and Defendants are hereby **DISMISSED**; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

---

[4] Because Plaintiff has not identified the John/Jane Doe Defendants currently named as the "Hamilton County Medical Staff," the Court cannot issue service packets for this Defendant. Plaintiff is **NOTIFIED** that if he fails to properly name these Defendants prior to the expiration of the statute of limitations for his claims, this Defendant will be dismissed. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding plaintiff cannot add new, previously unknown Defendants in place of Doe Defendants after the statute of limitations has passed).

9

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE**

10