UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| EDGAR GOODWIN, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:23-cv-1 |
| v. | ) | |
| | ) | Judge Atchley |
| JIM HAMMOND, *et al.*, | ) | Magistrate Judge Lee |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Plaintiff filed this pro se prisoner's complaint under 42 U.S.C. § 1983 while housed in the Hamilton County Sheriff's Silverdale Detention Center [Doc. 1]. On January 17, 2023, the Court entered an Order screening the complaint and providing Plaintiff twenty-one (21) days within which to return service packets for the remaining Defendants [Doc. 4 p. 9]. The Court specifically warned Plaintiff that "if he fails to timely return the completed service packets, this action will be dismissed" [*Id*.]. On February 16, 2023, Plaintiff submitted a letter advising the Court that he did not receive any service packets from the Clerk [Doc. 11]. On the same date, the Clerk remailed service packets to Plaintiff's address of record [*Id*.]. More than twenty-one (21) days have passed since the Court remailed Plaintiff's service packets, and Plaintiff has not returned them or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion),

it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he failed to follow an explicit direction of the Court. Second, the Court finds Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants, as they have not yet been served with process. Third, Plaintiff was expressly warned that failure to timely submit the completed service packets would result in the dismissal of this case. [Doc. 4 p. 9]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff is proceeding pro se and *in forma pauperis* in this action [*See, generally*, Doc. 4].

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Finally, the Court notes that its Memorandum Opinion and Order [Doc. 4] was returned as undeliverable. [Doc. 13]. The record reflects, however, that Plaintiff received the Order [Doc. 11],

as he acknowledged he had been ordered to return service packets. Moreover, Plaintiff was notified of his obligation to promptly notify the Court regarding any change of address. [Doc. 3].

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

An appropriate judgment will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**